**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 26 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FRANKLIN ABELARDO CRUZ-PERDOMO, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No.   16-70844 <br><br> Agency No. A206-710-779 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 17, 2022**

Before:      CANBY, TASHIMA, and NGUYEN, Circuit Judges.

Franklin Abelardo Cruz-Perdomo, a native and citizen of El Salvador,

petitions pro se for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's decision denying his

application for asylum, withholding of removal, and relief under the Convention

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We review de novo questions of law, including whether a particular social group is cognizable, except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations. *Id*. at 1241-42. We deny the petition for review.

Substantial evidence supports the agency's determination that Cruz-Perdomo failed to establish he suffered harm that rises to the level of persecution. *See Li v. Ashcroft*, 356 F.3d 1153, 1158 (9th Cir. 2004) (en banc) (persecution is "an extreme concept, marked by the infliction of suffering or harm . . . in a way regarded as offensive." (internal quotation marks omitted)); *see also Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010) (applicant has the burden of proving that past harm rises to the level of persecution).

The agency did not err in concluding that Cruz-Perdomo's proposed particular social groups, "citizens of El Salvador who are targeted by gang members for extortion, robbery, and physical harm" and "young men who are recruited to join the gang," are not cognizable. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular social group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and

(3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))); *see also Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1080 (9th Cir. 2020) ("[A] particular social group must exist independently of the harm asserted, and . . . the BIA must consider whether a petitioner's social group is cognizable if it is defined without reference to the fact of persecution." (internal citation omitted)); *Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1229 (9th Cir. 2016) (proposed particular social group lacked particularity because it could not be described "with passable distinction that the group would be recognized as a discrete class of persons" in the society); *Conde Quevedo*, 947 F.3d at 1243 (proposed social group not cognizable given absence of society-specific evidence of social distinction). Thus, Cruz-Perdomo's asylum and withholding of removal claims fail.

Substantial evidence supports the agency's denial of CAT relief because Cruz-Perdomo failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED.**